DANIEL RAY BACON, Esquire, SB# 103866
LAW OFFICES OF DANIEL RAY BACON
234 Van Ness Avenue
San Francisco, California 94102-4515
Telephone: (415) 864-0907
Facsimile: (415) 864-0989

Attorney for Plaintiff
JOHN D. HIGGINS, JR.

E-filing

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HIGGINS, JR, <br><br> Plaintiff, <br><br> vs. <br><br> BRUSCO TUG AND BARGE, INC., A WASHINGTON CORPORATION, THE DUTRA GROUP, A CALIFORNIA CORPORATION. <br><br> Defendants. | CASE NO.: 2:08-CV-02300-WBS-KJN <br><br> PLAINTIFF'S EX PARTE APPLICATION AND DECLARATION FOR ORDER SHORTENING TIME BY STIPULATION OF THE PARTIES TO HEAR PLAINTIFF'S MOTION TO CONTINUE DISCOVERY CUT-OFF, PRE-TRIAL AND TRIAL DATES AND ~~PROPOSED~~ ORDER SHORTENING TIME <br><br> LOCAL RULE 144 |

EX PARTE APPLICATION FOR OST BY STIP.
TO HEAR MOTION TO CONTINUE
AND PROP. ORDER SHORTENING TIME

# APPLICATION

Pursuant to Local Rule 144, Plaintiff John Higgins applies for an order shortening time in the above-referenced matter, by stipulation of the parties, to hear Plaintiff's Motion to Continue dates for discovery cut-off, pre-trial and trial in this matter on shortened time for Magistrate Newman's Law and Motion calendar on May 20, 2010.  Without this order shortening time the Plaintiff will be unable to have this motion heard before the May 21, 2010 date for discovery cut-off and subsequent inability to timely file pre-trial documents and prepare for the trial now set for July 20, 2010.   The parties previously have requested, by stipulation, to extend the dates for expert disclosure and discovery cut-off in this matter due to the need for more time for both parties to have their mutual experts prepare their reports and arrange for depositions. [See Exhibit D to Bacon declaration below, the previous stipulation and order of the court in this matter.]

DATED: May 16, 2010             /s/ Daniel Ray Bacon
                                _____
                                DANIEL RAY BACON
                                ATTORNEY FOR PLAINTIFF

I, DANIEL RAY BACON, declare:

1. I am an attorney at law duly admitted to practice before all the courts of the State of California and I am licensed in the United States District Court for the Eastern District of California and the attorney of record herein for Plaintiff John Higgins.

2. This is an action for property and personal injury damages arising from Defendant's barge crashing into Plaintiff's houseboat around midnight on October 3, 2006.  The Plaintiff, JOHN HIGGINS,  a resident of Walnut Grove, California, living on a houseboat called the Jamie Lynn docked at Deckhand's Marine Center, Inc., in Walnut Grove, California on the

EX PARTE APPLICATION FOR OST BY STIP.
TO HEAR MOTION TO CONTINUE
AND PROP. ORDER SHORTENING TIME         - 1 -

1  Sacramento River, was injured when a barge named "The Oakland," owned by Defendant
2  BRUSCO TUG AND BARGE, INC. a Washington Corporation, located in Longview,
3  Washington and DUTRA MATERIALS, erroneously named DUTRA GROUP, a California
4  corporation located in San Rafael, California collided on October 3, 2006, into plaintiff's
5  houseboat which was docked at Deckhand's Marina.   It is currently scheduled for discovery
6  cut-off on May 21, 2010, a pretrial on June 14, 2010 and a trial set to commence on July 20,
7  2010.

8      3. As more fully set forth in the attached motion and accompanying papers, although
9  the parties have stipulated to previous extensions of time and received court orders extending
10  time for disclosing experts, for completing discovery, and for completing discovery regarding
11  those experts, several doctors' depositions have not been completed despite due diligence.  In
12  addition, Dr. Samuel Benson, expert psychiatrist for the plaintiff, in his examination of plaintiff,
13  discovered issues which has resulted in his request of additional testing which has delayed his
14  report.    In the absence of an order shortening time, said motion to continue the dates set in
15  this matter cannot be heard timely in order for the parties to be prepared for trial.

16      4. Plaintiff seeks this order from the court to have a motion heard to allow time for the
17  completion of discovery and for the parties to be fully prepared for trial.  In particular, the
18  depositions of the treating physicians of Plaintiff from Kaiser have not been completed despite
19  due diligence of the parties.  Although they were subpoenaed for depositions and all of their
20  depositions were initiated, two of those treating physicians did not remain for the completion of
21  their depositions, with one doctor showing up a half hour late and then only sitting for 30
22  minutes for deposition questions.    In obvious frustration, Defendants' attorney has now stated
23  that Plaintiff's attorney should arrange for those two depositions to be re-scheduled since Kaiser
24  has not readily agreed to produce the two physicians for completion of their depositions.

25      5. On May 10, 2010, I wrote to Defendants' counsel: (1) to provide supplemental
26  documentation for Dr. Bruckman, Plaintiff's expert orthopaedic expert, whose deposition had
27  been completed; (2) to advise the defense of Dr. Benson's request for more time to conduct

1  further tests in order to complete his report; (3) to advise that completion of Dr. Rappaport's

2  deposition would be difficult since Dr. Benson was requesting more time; and (4) to inquire as

3  to the status of the re-scheduling of the two treating physicians from Kaiser who both walked

4  out of their previous depositions prior to completion.   A true and correct copy of my letter of

5  May 10, 2010 is attached hereto as Exhibit A to this declaration and application.

6        6. On May 10, 2010, Defense counsel wrote to me to request a conference call to deal

7  with the completion of the discovery of experts in this matter and to advise me that their expert

8  psychiatrist could not be deposed prior to the cut-off of discovery in this matter since "Dr.

9  Rappaport is not available to have his deposition taken until June 10th, 2010 as a result of the

10  fact that he will be traveling."  See letter of Defense counsel dated May 10, 2010, which is

11  attached to this declaration and application as Exhibit B.   The letter stated that Dr. Bruckman's

12  deposition needed to be scheduled, but this was not true and Defense counsel confirmed that

13  error in a letter sent later on May 10, 2010, A copy of this second letter of May 10, 2010 is

14  attached to this declaration as exhibit C.

15        7.  These issues regarding expert discovery have been disclosed to the court earlier and

16  resulted in the last stipulation to extend dates which the court granted by order on April 29,

17  2010, and is attached to this declaration as Exhibit D-1 thru D-3.

18        8. Given the difficulties in competing the expert discovery in this matter, I requested that

19  the Defense stipulate to a 60 day extension of all dates in this matter and submit said stipulation

20  to the court for consideration in order that the parties could complete discovery and meet their

21  deadlines for the pre-trial and trial deadlines in this matter, but the defense refused to stipulate.

22  The counsel for the defense objected to the request for a stipulation in a letter they sent to me on

23  May 13, 2010, which stated that they would agree to stipulate to extend time for completion of

24  some of the expert discovery but not for Dr. Benson since they objected to his request for more

25  time to complete tests which he deemed necessary to complete his report.   In addition, with

26  reference to the Kaiser treating physicians, they stated that since "..these are your experts, not

27  ours, and that we have largely finished our questioning of them, we request that you make the

28  EX PARTE APPLICATION FOR OST BY STIP.
TO HEAR MOTION TO CONTINUE
AND PROP. ORDER SHORTENING TIME         - 3 -

arrangements for the completion of their depositions.   A true and correct copy of the letter from Defendants' counsel to me on May 13, 2010 is attached to this declaration as Exhibit E-1 thru E-3 to my declaration.   Said letter also falsely claims that Plaintiff is not interested "in further mediation of this matter," when it was the defendants who cancelled the mediation session the day before it was to occur and have refused to re-schedule any mediation session.

9. On May 13, 2010, I responded to Defendants' counsel's letter confirming that he had rejected my request for a stipulation to extend all dates for 60 days, and asking if he would stipulate to an order shortening time to hear Plaintiff's motion to continue the dates in this matter in order for it to be heard the week of May 17, 2010.  I also pointed out in my letter that both sides did not have their experts ready for disclosure on the date originally set for expert disclosure (March 1, 2010) and that I had agreed to continue the disclosure date to April 1, 2010.   One of the defendant's expert's report, which was produced by the defense, was indeed dated April 1, 2010.   A copy of my letter of May 13, 2010 is attached to this declaration as Exhibit F-1 thru F-3.

10. Late on May 14, 2010, I received an email from one of the defendants' counsel stating that they would stipulate to an order shortening time to have these issues addressed by the court the week of May 17, 2010.  A true and correct copy of this email is attached hereto as Exhibit G-1 thru G-2 to my declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 16, 2010  in San Francisco, California.

/s/ Daniel Ray Bacon

_____
DANIEL RAY BACON

EX PARTE APPLICATION FOR OST BY STIP.
TO HEAR MOTION TO CONTINUE
AND PROP. ORDER SHORTENING TIME         - 4 -

1
2      Good Cause having been shown therefor,
3      IT IS ORDERED that the time of service of the Plaintiff's Motion to Continue dates in
4  this matter  is so shortened that the matter can be heard on **May 24, 2010 at 2:00 p.m.**  in
5  Courtroom 5 (WBS) before  Judge William B. Shubb, and that the e-filing of Plaintiff's Motion
6  to Continue dates concurrently filed with this application and declaration for an order
7  shortening time is adjudged to be sufficient notice of the proceeding mentioned therein.
8      IT IS FURTHER ORDERED that all papers in opposition must be filed and served in
9  this Court on **Tuesday, May 18, 2010 by 5:00 p.m.**
10     Any reply must be  filed and served in this Court on **Thursday, May 20, 2010 by**
11 **5:00 p.m.**
12     Proof of service of the motion and any opposition or reply and this order is deemed
13 sufficient if e-filed on the dates and times listed above.
14 **Date of Hearing:   Monday, May 24, 2010**
15 **Time of Hearing: 2:00 P.M.**
16
17     DATED: May 18, 2010
18     _____
       WILLIAM B. SHUBB
19     UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28
**EX PARTE APPLICATION FOR OST BY STIP.**
**TO HEAR MOTION TO CONTINUE**
**AND PROP. ORDER SHORTENING TIME**